Kinsey C. J.
By the act of 1774 an indented servant imported from Europe or brought from the neighbouring colonies, obtains a. settlement in that township &c, where he shall serve his or her master for one full year.
The only question then which can arise in this case, is, whether the service to Bell can be considered as a service to Hanlon, under the indenture, or assignment to Hanlon. If it can be regarded as a continuance of his former service to Hanlon, then I should think that he obtained a settlement in Trenton-, if we cannot put this construction upon his acts, he obtained no legal settlement there, not having complied with the terms prescribed by tbe law.
From tbe state of tbe case it appears that Hanlon when applied to by Bell declared that M'-Coy was his own masterj and that he had agreed to sell him bis time, for which M'-Coy had actually paid one half of the stipulated sum.
It appears also that M'-Coy hired himself to Bell under a new contract at about 40s. per month, and received his wages from Bell, which expressly negatives the service to Hanlon. Whether the indenture was or was not legally discharged, it is clear that he did not serve Hanlon, or serve under Hanlon's indenture during this last period, H,e has therefore not served a master for one full year, which by the words of the act is a necessary requisite in order to obtain a settlement. The case of the The King v. St. Luke Middlesex in 1 Bl. Rep. 553, and 1 Bolts Poor Laws 544 is full in point. The tírder of Justices and Sessions must be quashed.
Order quashed,L